UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AALIYAH S. OGLETREE | CIVIL ACTION |
| VERSUS | NO. 17-3724 |
| DR. JACOB VIGIL, ET AL. | SECTION "N" |

## ORDER AND REASONS

Presently before the Court are three motions asserted by Plaintiff Aaliyah S. Ogletree and four motions to dismiss asserted by Defendants Dr. Jacob Vigil, Nurse Practitioner Michelle L. Dyer, Dr. David Buttross, III and CHRISTUS Health Southwestern Louisiana d/b/a CHRISTUS St. Patrick Hospital ("CHRISTUS"). *See* Rec. Docs. 3, 8, 13, 16, 19, 20, and 26. The Court rules on the motions as stated herein.

Plaintiff, proceeding *pro se,* asserts claims under federal and state law arising from events occurring on January 15, 2014, in the emergency room of River Parishes Hospital, including the use of chemical restraints, and her nonconsensual transport to CHRISTUS in Lake Charles, Louisiana, where she was involuntarily committed, pursuant to Louisiana Revised Statute 28:53, for fifteen days of inpatient treatment. Among other things, Plaintiff's lengthy and detailed complaint and supplemental case statement (Rec. Doc. 1) contend that River Parishes Emergency Room personnel wrongly ignored her explanation of her condition (insomnia), such that she was inaccurately diagnosed as having hallucinations and suffering from psychosis, bipolar disorder, and schizophrenia, inappropriately administered contraindicated medications against her will, and prematurely transferred to CHRISTUS, more than three hours away, rather than being given medicine for insomnia and sent home with her parents for further treatment by her regular

psychiatrist, later that same day, during a previously scheduled appointment.

Focusing initially on Plaintiff's motions, **IT IS ORDERED** that Plaintiff's motion seeking appointment of an attorney (Rec. Doc. 3) is **DENIED**. The instant proceeding is not one for which an indigent party is entitled to appointed counsel. Plaintiff's second motion requests additional time to serve Dr. Vigil. Given Dr. Vigil's subsequently filed motion to dismiss, **IT IS ORDERED** that Plaintiff's motion (Rec. Doc. 19) is **DENIED** as **MOOT**. In her third motion, Plaintiff notes her recent receipt of documentation and requests additional time to file memoranda in opposition to Defendants' motion. Considering that a number of months have passed since its filing date, **IT IS ORDERED** that Plaintiff's third motion (Rec. Doc. 20) likewise is **DENIED** as **MOOT**.

Defendants' motions, with only a few exceptions, urge identical grounds for dismissal relative to Plaintiff's federal and state law claims. Accordingly, the Court considers the motions together starting with Plaintiff's federal law claims. Based on that analysis and for the reasons stated herein, **IT IS ORDERED** that all of the motions to dismiss filed by Defendants (Rec. Docs. 8, 13, 16, and 26) are **GRANTED** to the extent set forth below.

First, with respect Plaintiff's claims regarding the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104–191, 110 Stat.1936 (1996), Defendants correctly note that the Fifth Circuit does not recognized the existence of a private right of action in favor of a patient who has suffered a HIPAA violation. *See Acara v. Banks*, 470 F. 3d 569, 57172 (5th Cir. 2006). Accordingly, **IT IS ORDERED** that Plaintiff's HIPAA claims against Defendants are **DISMISSED WITH PREJUDICE**.

Second, with respect to Plaintiff's claims asserted pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), Defendants correctly note that any private action for damages must be brought within two years from the date of the violation. *See* 42 U.S.C. §1395dd(d)(2)(C). Because the alleged conduct on which Plaintiff's claims are based occurred in January 2014, and this action was not commenced until April 20, 2017, more than an three and a half years later, Plaintiff's EMTALA claims are untimely. Accordingly, **IT IS ORDERED** that Plaintiff's EMTALA claims against Defendants are **DISMISSED WITH PREJUDICE**.[1]

Third, 18 U.S.C. §1001 is a federal criminal statute providing no civil remedy. Accordingly, **IT IS ORDERED** that Plaintiff's claims against Defendants purportedly asserted pursuant to 18 U.S.C. §1001 are **DISMISSED WITH PREJUDICE**.

---

[1] Certain documents in the record reflect that, prior to Plaintiff's April 2017 filing of this federal court action, a request for a medical review panel was made, in 2014, in accordance with Louisiana's Medical Malpractice Act, Louisiana Revised Statute 40:1231.1, *et seq.* On December 12, 2016, the medical review panel rendered an expert opinion concluding that the evidence considered does not support a conclusion that Defendants failed to meet the applicable standard of care. Although EMTALA allows a civil damages action to be asserted against a participating hospital for "damages available for personal injury under the law of the State in which the hospital is located," *see* 42 U.S.C.A. § 1395dd (d)(2)(A)), the pendency of the medical review panel proceeding required by state law does not toll the running of EMTALA's two-year statutory limitations period expressly set forth in 42 U.S.C.A. § 1395dd (d)(2)(C)). *See, e.g., Power v. Arlington Hosp. Ass'n,* 42 F.3d 851, 866 (4th Cir. 1994) (Virginia state law tolling provision cannot toll the running of EMTALA's two-year statute of limitations); *Merce v. Greenwood,* 348 F. Supp. 2d 1271, 1276 (D. Utah 2004) ("because a potential direct conflict exists between Utah's pre-litigation claim screening requirements and EMTALA's statute of limitations, EMTALA preempts state law on this point); *see also Spradlin v. Acadia-St. Landry Med. Found.,* 1998-1977 (La. 2/29/00), 758 So. 2d 116, 123 (because EMTALA contains a two-year limitation period that is not subject to tolling, pre-suit medical review panel required by Louisiana Medical Malpractice Act is preempted).

Fourth, as urged by Defendants, 25 C.F.R. § 11.404 establishes a misdemeanor criminal offense in the context of "Indian affairs," and thus likewise fails to provide a civil remedy for Plaintiff in this proceeding. Accordingly, **IT IS ORDERED** that Plaintiff's claims against Defendants purportedly asserted pursuant to 25 C.F.R. §11.404 are **DISMISSED WITH PREJUDICE**.

Fifth, Plaintiff urges that her "chemical restraint" (by means of forcefully administered medication), "illegal and improper transport" to CHRISTUS, and ensuing fifteen-day detention there, violated the prohibition against unreasonable seizure imposed by the Fourth Amendment to the United States Constitution and the due process required under the Fourteenth Amendment. The protections of the Fourth Amendment and Fourteenth Amendments (and the civil remedies provided by 42 U.S.C. §1983), however, apply only to governmental actors, and Plaintiff does not allege that any Defendant is a governmental actor. *See, e.g., United States v. Jacobsen,* 466 U.S. 109, 113 (1984) (Fourth Amendment protection proscribes "only governmental action; it is totally inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (Fourteenth Amendment offers no shield against private conduct); *United States v. Oliver*, 630 F.3d 397, 406 (5th Cir. 2011) (Fourth Amendment "proscribes only governmental action").

Furthermore, notwithstanding that Defendants purported to act pursuant to state law, *see* Louisiana Revised Statute 28:53 (authorizing temporary detention by medical certification without need for court order),[2] such authorization does not establish a close enough connection for

---

[2] *Compare* La. Rev. Statute 28:54 - 28:56 (addressing procedure and authority for judicial commitment).

the action of Defendants to be treated as that of the government. *Cf. e.g., Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 941 (1982)("private misuse of a state statute" is not "conduct that can be attributed to the State" unlike a "private party's joint participation *with state officials* . . . [that] is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment")(emphasis added); *Jarrell v. Chem. Dependency Unit of Acadiana,* 791 F.2d 373, 374 (5th Cir. 1986) (action of private employees not state action for purposes of Fourteenth Amendment without nexus between state authority and specific conduct at issue; "employees may have acted contrary to state law; but the state did not direct them to do so"). Accordingly, **IT IS ORDERED** that Plaintiff's claims against Defendants purportedly asserted pursuant to the Fourth Amendment are **DISMISSED WITH PREJUDICE**.

Sixth, Plaintiff's complaint alleges that she was chemically restrained in a manner inconsistent with the provisions of 42 C.F.R. § 482.13. That regulation establishes various requirements for hospitals participating in Medicare, including relative to the use of restraints and involuntary seclusion. *See* 42 C.F.R. § 482.13(e). No authority is cited, however, recognizing the existence of private right of action in favor for a patient who claims to have been restrained in violation of this regulation. Accordingly, **IT IS ORDERED** that Plaintiff's claims against Defendants purportedly asserted pursuant to 42 C.F.R. § 482.13 are **DISMISSED WITH PREJUDICE**.

Having addressed Plaintiff's federal law claims, the Court notes that Plaintiff's complaint purports to also seek relief under state law albeit without specifying the particular claims asserted. Nevertheless, given that the Court has dismissed all of Plaintiff's federal law claims, and Plaintiff has not alleged the existence of diversity of citizenship subject matter jurisdiction, the Court

finds it appropriate, in this instance, to decline to exercise supplemental jurisdiction over any state law claims that Plaintiff might have based upon the events she alleges occurred between January 15, 2014 and January 30, 2014. Accordingly, **IT IS ORDERED** that any state law claims asserted herein by Plaintiff are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to seek relief to which she may be entitled under state law, if any, from the appropriate state court.

New Orleans, Louisiana, this 29th day of January 2018.

_____
**KURT D. ENGELHARDT
United States District Judge**